# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:08-CR-424** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **WILLIAM DAVENPORT** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 308) for return of U.S. currency and property filed by defendant William Davenport ("Davenport") on June 23, 2010, a motion (Doc. 317) to dismiss and/or in the alternative for summary judgment on behalf of the United States, filed on August 20, 2010, and a motion (Doc. 324) of the United States to dismiss the motion (Doc. 308) for return of property filed on November 4, 2010. For the reasons set forth below, the motion for return of U.S. currency and property will be dismissed for lack of jurisdiction and the motion of the United States to dismiss the motion for return of U.S. currency and property will be denied as moot.

## I. Background

The present motions before the court stem from the seizure of various types of Davenport's property by Drug Enforcement Agency ("DEA") agents during the course of a criminal drug trafficking investigation. On October 28, 2008, DEA agents seized assorted jewelry valued at $26,283. (Doc. 318 Attachment 1 ¶ 4(a)). A few days later, on October 31, 2008, DEA agents seized a 2006 Mercedes Benz CLS

500 valued at $38,475. (Id. ¶ 5(a)).[1]  The DEA made the seizures pursuant to statutory authority to seize property used and acquired as a result of a violation of the Controlled Substance Act.[2]  See 21 U.S.C. § 881; 21 U.S.C. § 801 et. seq.

In December 2008, the DEA instituted administrative forfeiture proceedings on the assorted jewelry and the 2006 Mercedes Benz. (Doc. 317 ¶ 4). The DEA directed written notice of the vehicle seizure and administrative forfeiture proceedings on December 2, 2008, by certified mail, return receipt requested, to Davenport at an address known to be used by him, and to Davenport, care of his attorney, Royce Morris, Esquire, ("Attorney Morris") at Attorney Morris's address. (Doc. 318 Attachment 1 ¶¶ 5(b)-(c)).  An individual accepted delivery of the notice sent to Davenport's attorney on December 4, 2010, but the notice mailed to the other address was returned December 31, 2009 with the notation "Return to Sender, Unclaimed, Unable to Forward." (Id.)  The DEA published a notice of

---

[1] On September 1, 2008, $14,015 in U.S. currency was seized from a storage facility in Harrisburg, Pennsylvania pursuant to a search warrant. (Doc. 31 at 6). Davenport claims that this currency belonged to him and that he never received notice of administrative forfeiture proceedings.  There is nothing in the record indicating that the storage facility was in Davenport's name or that he had any cognizable property interest with respect to this currency.  The government did not address this portion of Davenport's motion, and it is unclear if or when the currency was forfeited to the government.

[2] On December 10, 2008, Davenport was charged in a five count superceding indictment: two counts in violation of the Controlled Substance Act, one count alleging a firearms possession violation, an obstruction of justice count, and one count of forfeiture of property. (Doc. 31). Davenport pled guilty on July 1, 2009, to one count of conspiracy to manufacture, distribute and possess with intent to distribute cocaine hydrochloride and "crack" cocaine, in violation of the Controlled Substance Act, 21 U.S.C. § 846. (Doc. 193; Doc. 318, Attachment 3). The court sentenced Davenport to 199 months imprisonment, a $100 special assessment, a $1,000 fine, and three years supervised release. (Doc. 260).

2

seizure of the vehicle in The Wall Street Journal, once each week for three consecutive weeks on December 15, 22, and 29, 2008. (Id. ¶ 5(d)).

On December 9, the DEA mailed written notice of the jewelry seizure by certified mail, return receipt requested, to Davenport at both a Shady Lane address—the location of the jewelry seizure—and a Pine Street address in Enola, Pennsylvania, as well as a notice to Davenport, care of Attorney Morris, at Attorney Morris's address. (Id. ¶ 4(b)-(d)).[3] The post office returned to the DEA the first two notices sent directly to Davenport after three failed delivery attempts. (Id. ¶ 4 (b)-(c)). The notices were stamped "Return to Sender, Unclaimed." (Id. ¶ 4 (b)-(c)). The notice sent to Davenport, care of Attorney Morris was signed for on December 11, 2008. (Id. ¶ 4(d)). Additionally, the DEA published a notice of seizure of the jewelry in The Wall Street Journal once each week for three consecutive weeks on December 22, and 29, 2008, and January 5, 2009. (Id. ¶4(f)).

On January 13, 2009, the DEA sent written notices of seizure of both the vehicle and the assorted jewelry, by certified mail, return receipt requested, to Davenport at the Dauphin County Prison in Harrisburg, Pennsylvania where he was incarcerated. (Id. ¶¶ 4(g), 5(e)). An individual signed for, and accepted delivery of the notices on January 15 and 18, 2009, respectively. (Id.) The notices provided Davenport until February 17, 2009 to file a claim. (Id. ¶ 5(e)). Every notice mailed to Davenport provided information on contesting forfeiture and remission or

---

[3] The DEA also sent notice to Angela Garcia at the same Pine Street address in Enola, PA. (Doc. 318 Attachment 1 ¶ 4(e)). An individual signed for and accepted delivery of that notice on December 11, 2008. (Id.)

3

mitigation of forfeiture. (Doc. 318 Attachment 2). On March 18, 2009, having received no claims, the DEA forfeited the jewelry and the vehicle to the United States. (Id. Attachment 1 ¶¶ 4(h), 5(f)).

Davenport filed the instant motion (Doc. 308) for return of U.S. currency and property on June 23, 2010 alleging that the DEA failed to provide written notice of the seizures within 60 days per the requirements of 18 U.S.C. § 983(a)(1)(A)(i). Davenport claims that the government seized the jewelry and Mercedes Benz on October 28, and October 31, 2008 respectively, but that the DEA failed to provide written notice of the seizures until January 13, 2009, thereby exceeding the 60-day time period for notice of seizure. (Id. at 2). In response the government filed a motion (Doc. 317) to dismiss and/or in the alternative for summary judgment regarding the motion for return of currency and property alleging lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted. The court granted Davenport an enlargement of time to file a response to the government's motion (see Doc. 321) after which Davenport filed a document captioned as "Brief in support of motion for return of U.S. currency." (Doc. 322).[4]

---

[4] In Davenport's filing on October 29, 2010 (Doc. 322), titled "Brief in support of motion for return of U.S. currency," Davenport states his claim is pursuant to Fed. R. Crim. P. 41(g). Rule 41(g) states:
> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Id. A Rule 41(g) motion is typically inappropriate after the conclusion of the

4

Subsequently, the government filed a motion (Doc. 324) to dismiss the motion for return of property in which the government reviewed the prior filings of both Davenport and the government related to this matter and reasserted its position.[5]

## II. Discussion

Pursuant to 21 U.S.C. § 881, the government may seize all property, money or conveyances acquired, used or intended for use in violation of the Controlled Substance Act. See 21 U.S.C. § 881(a); United States v. McGlory, 202 F.3d 664, 669 (3d Cir. 2000) (en banc). The seized property may be subject to forfeiture through administrative or judicial forfeiture proceedings. 21 U.S.C. § 881(d). Administrative forfeiture of such seized property, when valued at less than $500,000, is governed by the same process as administrative forfeiture under U.S. customs laws. See 21

---

criminal proceedings but a district court may consider a claim alleging inadequate notice of judicial forfeiture proceedings styled as a Rule 41(g) motion after the criminal proceedings have been completed. See McGlory, 202 F.3d at 670 (referring to Rule 41(e) now amended to 41(g)). The court will liberally construe the *pro se* pleading as seeking to invoke the proper remedy. Haines v. Kerner, 404 U.S. 519 (1972).

[5] The filings related to the motion for return of property (Doc. 308) are unusual. Davenport's motion is in actuality a civil action, but it has been docketed under his criminal case. The government's motion to dismiss and/or in the alternative for summary judgment (Doc. 317) is, in essence, a response to the motion as though it were filed as a civil complaint. Davenport's reply (Doc. 322) to the government's motion is unresponsive to the government's motion, but instead is titled as a "brief in support" of his previously filed motion for return of property. Subsequently, the government filed a motion to dismiss the motion for return of property. (Doc. 324). This document again refers to Davenport's motion (Doc. 308) as though it were a complaint in a separate cause of action. The court will address the civil motion for return of property under the criminal case number, but will treat it for what it is—a civil complaint—and resolve the dispute accordingly.

U.S.C. § 881(d);[6] 19 U.S.C. § 1607. The government must send written notice to any party known to have an interest in the property, including information on applicable procedures to challenge forfeiture, and must publish notice of intent to forfeit the property once a week for three weeks. 19 U.S.C. § 1607(a).

The agency invoking administrative forfeiture must provide notice to interested parties within 60 days of seizure of the property. See 18 U.S.C. § 983(a)(1)(A)(i). If the government fails to send notice of seizure within 60 days, the government must return the property to the person from whom it was seized without prejudice to the right of the government to commence a forfeiture proceeding at a later date. Id. § 983(a)(1)(F). Claimants must file their claims no later than the deadline set forth in the personal notice letter, which may be no earlier than 35 days after the date the letter is mailed. See id. § 938(a)(2)(B). When the written notice letter is not received, a claim must be filed no later than 30 days after the date of final publication of notice of seizure. Id. If a claimant does not file a claim or contest the forfeiture, the seizing agency will make a declaration of forfeiture, and title to the property will vest in the United States. See 19 U.S.C. § 1609(a). The effect of such administrative declaration is the same as a final decree

---

[6] Section 881(d) states in pertinent part:
The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter . . .

6

and order of forfeiture in a judicial proceeding. See id. § 1609(b); McGlory, 202 F.3d at 670.

In general, the district court lacks jurisdiction to review agency administrative forfeiture proceedings, including administrative forfeiture proceedings by the DEA. See McGlory, 202 F.3d at 670 (citing Linarez v. United States Dep't of Justice, 2 F.3d 208, 212 (7th Cir. 1993) ("[O]nce the government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the district court loses jurisdiction to resolve the issue of return of property.")). Nonetheless, "the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements." Id. (quoting United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993) (citing cases)). The district court may, therefore, determine whether a claimant received inadequate notice of DEA administrative forfeiture proceedings. Id.

"Due process does not require an infallible method of giving notice." McGlory, 202 F.3d at 673. Nor are "heroic efforts" necessary. See Dusenbery v. United States, 534 U.S. 161, 170 (2002) (FBI satisfied due process requirements by sending notice of forfeiture by certified mail to federal prisoner at location of incarceration, and residence where arrest occurred). Due process simply requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314

7

(1950). Indeed, actual notice is not required; due process requires only efforts reasonably calculated under the circumstances to apprise the claimant of the action. Id. at 169-73. Notice by mail is sufficient to satisfy due process requirements, but notice to prisoners must be directed and mailed to the prisoner at the place of his or her detention. McGlory, 202 F.3d at 672.

In the instant matter, Davenport alleges that he is entitled to return of the money, assorted jewelry, and vehicle because the DEA did not provide notice of forfeiture within the statutorily required 60 days of seizure. Ostensibly, he does not challenge adequacy of notice, but rather timing of notice. If the DEA forfeiture was valid, however, Davenport waived this defense by not filing a claim. See Woodall, 12 F.3d at 795. Unless the forfeiture violated procedural due process, the administrative forfeiture is valid and the court lacks jurisdiction to judicially review the administrative forfeiture proceeding of the DEA.

The DEA clearly satisfied the requirements of procedural due process. The DEA sent written notices regarding the jewelry and vehicle by certified mail to addresses known to be used by Davenport, and notice was signed for and accepted by Davenport's attorney within the 60 day statutory period. Additionally, per statute, the DEA published notice of seizure in the Wall Street Journal, a paper of general circulation in the district. The DEA also mailed notice to Davenport in Dauphin County Prison, which Davenport admittedly received, and which provided Davenport the statutorily required 35 days to file a claim challenging forfeiture. These actions comport with both statutory requirements and procedural due

8

process requirements that notice be reasonably calculated under the circumstances to apprise Davenport of the pendency of the action. The administrative forfeitures of the assorted jewelry and vehicle were valid, therefore the court lacks jurisdiction to review them.

Assuming *arguendo* that the court had jurisdiction to review the administrative forfeiture of Davenport's property, the result would be the same. To recap, the DEA provided notice to Davenport within the required 60 days. Notice reached Davenport's attorney by certified mail for both the assorted jewelry and the vehicle. (Doc. 318 Attachment 1 ¶¶ 4(d), 5(c)). These notices were received on December 4, 2008 and December 11, 2008, respectively, both within the 60 day period. (Id.) Additionally, the DEA published notice of the seizure once per week for three consecutive weeks in the Wall Street Journal, a newspaper of general circulation.[7] These actions comport with statutory notice requirements under 18 U.S.C. § 983(a)(1)(A)(i).

Even if the DEA provided notice outside the 60 day period, it sent notice of seizure and forfeiture to Davenport at the Dauphin County Prison on January 13, 2009. That notice met the statutory requirements in that it provided Davenport until February 17, 2009 (the statutorily required 35 days) to file a claim. Davenport admittedly received the notice and did not file a claim. In essence, if notice of the

---

[7] Davenport argues that publication in the Wall Street Journal was insufficient because Dauphin County prison does not receive the Wall Street Journal, and he was unaware that the notice of seizure would be published in any newspaper. (Doc. 322). To the extent this is a due process challenge to the adequacy of notice, it is unavailing for the reasons stated above.

9

seizure was outside the statutorily prescribed 60 days, the DEA exercised its right to commence civil forfeiture proceedings at a later time, pursuant to 18 U.S.C. § 938(a)(1)(F), and Davenport did not object. Any failings by Davenport or his attorney to file a claim pursuant to the notice of seizure and forfeiture are simply irrelevant to the validity of the administrative forfeiture proceeding by the DEA.

## III. <u>Conclusion</u>

For the foregoing reasons the motion for return of U.S. currency and property will be dismissed for lack of jurisdiction. The DEA complied with statutorily required notice requirements of seizure and forfeiture of property acquired or used in violation of the Controlled Substance Act. Davenport received notice of the proceedings and failed to file a claim to challenge the proceedings. The administrative forfeiture has the force of a final decree and order of a court, therefore the court lacks jurisdiction to review attacks on such proceedings.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Date: November 18, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CRIMINAL NO. 1:08-CR-424** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **WILLIAM DAVENPORT** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 18th day of November, 2010, upon consideration the motion (Doc. 308) for return of U.S. currency and property filed by defendant William Davenport ("Davenport") on June 23, 2010, and the motion (Doc. 317) to dismiss and/or in the alternative for summary judgment filed on behalf of the United States on August 2, 2010, and the motion (Doc. 324) to dismiss Davenport's motion for return of property, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 308) for return of U.S. currency and property is DISMISSED for lack of jurisdiction.

2. The motion (Doc. 317) to dismiss and/or in the alternative for summary judgment with respect to the request for return of property is GRANTED.

3. The motion (Doc. 324) to dismiss the motion for return of property is DENIED as MOOT.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge