# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CRIMINAL NO. 1:08-CR-424** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **WILLIAM DAVENPORT** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 9th day of June, 2011, upon consideration the motion (Doc. 327) for return of property, dated April 4, 2011, filed by defendant William Davenport ("Davenport"), wherein Davenport requests the return of $14,015 in United States currency seized by the government pursuant to a search warrant on September 1, 2008, and upon further consideration of the motion to dismiss (Doc. 328) Davenport's motion for return of property filed by the United States of America on April 26, 2011, wherein the government asserts that the court should dismiss the motion for return of property on grounds that Davenport failed to comply with Local Rule 7.5, see L.R. 7.5 (stating that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion"), and that the court dismissed Davenport's previous motion for return of property for lack of subject matter jurisdiction (see Doc. 325),[1] and the

---

[1] In the Memorandum and Order of the court dated November 18, 2010 (Doc. 325), the court dismissed Davenport's motion for return of assorted jewelry and vehicle. Davenport claimed that the Drug Enforcement Agency ("DEA") failed to provide timely written notice of seizure of the property. In a footnote, the court noted the additional seizure of $14,015 in U.S. currency, but stated that the record was devoid of evidence that Davenport had a cognizable property interest with respect to the currency. The court found that it lacked jurisdiction to review

court finding that Davenport failed to comply with Local Rules for filing a brief in support of his motion, and the court concluding that when a supporting brief is not filed within the time provided by Local Rules, "the motion shall be deemed to be withdrawn" see L.R. 7.5, it is hereby ORDERED that:

1. The motion for return of property (Doc. 327) is deemed WITHDRAWN.

2. The motion to dismiss the motion for return of property (Doc. 328) is DENIED as MOOT.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

agency administrative forfeiture proceedings, but determined that it could decide whether a claimant received inadequate notice of forfeiture proceedings. (Id. at 7). Finding that Davenport received adequate notice of the DEA forfeiture proceedings, the court dismissed his motion for return of property for lack of jurisdiction. (Id. at 10).