IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:08-CR-0424-06** |
| : | |
| v. : | **(Judge Conner)** |
| : | |
| **WILLIAM DAVENPORT** : | |

# ORDER

AND NOW, this 13th day of August, 2012, upon consideration of defendant's motion (Doc. 343) to vacate the sentence imposed by this court on December 23, 2009, and it appearing that the motion is filed pursuant to 28 U.S.C. § 2255, see id. ("A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."), and that the motion was filed within the prescribed limitations period,[1] see 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."); see also R. GOVERNING § 2255 CASES R. 4(b) (stating that court must review the motion before ordering service on government), but that construing and ruling upon the motion under 28

---

[1] Where the defendant has taken a direct appeal, the § 2255 limitations period begins to run "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (quoting Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)). In the instant case, the Court of Appeals entered judgment on April 6, 2011. (See Doc. 329). Defendant did not petition the Supreme Court for certiorari. His time for filing a petition expired on July 5, 2011. See SUP. CT. R. 13. The instant motion is dated July 2, 2012, and therefore appears timely.

U.S.C. § 2255 may preclude defendant from filing a second or successive motion for relief, see id. (providing that a "second or successive motion" under § 2255 may be filed only in limited circumstances and with approval by a court of appeals); United States v. Miller, 197 F.3d 644, 651 (3d Cir. 1999) (instructing district courts to provide notice to *pro se* habeas petitioners of ramifications of construction of post-conviction motion as under 28 U.S.C. § 2255), but cf. Pliler v. Ford, 542 U.S. 225, 231-32 (2004) (disapproving of requirement that district courts give habeas petitioners warnings related to exhaustion and statute of limitations); United States v. Perry, 142 F. App'x 610, 613 (3d Cir. 2005) ("Miller may go too far in requiring our District Judges to issue a procedural roadmap to every *pro se* litigant who files a pleading, however denominated, expressing an intention to challenge his or her conviction or sentence."), it is hereby ORDERED that:

1. Defendant is GRANTED leave to elect, within forty-five days of the date of this order, to withdraw the motion or to have the motion construed and ruled upon under 28 U.S.C. § 2255.

2. Defendant shall file, within forty-five days of the date of this order, the attached election form, indicating an election to withdraw the motion or to have the motion construed and ruled upon under 28 U.S.C. § 2255.

3. Failure to comply with this order will result in the motion being construed and ruled upon under 28 U.S.C. § 2255.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:08-CR-0424-06** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **WILLIAM DAVENPORT** | : | |

## NOTICE OF ELECTION

You have filed a post-conviction motion seeking relief from a judgment of sentence. You must elect whether you would prefer that the court construe and rule upon your motion under 28 U.S.C. § 2255 or whether you would prefer to withdraw your motion.

If you elect to have your motion construed and ruled upon as one under 28 U.S.C. § 2255, you may lose your right to file second or successive motions to correct or vacate your sentence, even if those motions raise claims not presented in the motion currently before the court. Federal law grants defendants the right to file *one* motion under 28 U.S.C. § 2255 to correct or vacate a sentence. Defendants are not allowed to file second or successive motions under 28 U.S.C. § 2255 without approval from the appropriate court of appeals. This approval is available only in limited circumstances, outlined in 28 U.S.C. § 2255. As such, if the court construes and rules upon your motion under 28 U.S.C. § 2255, you may lose your right to file second or successive motions raising other grounds for relief.

The court will give you two options to proceed. You may elect (1) to have your motion construed and ruled upon under 28 U.S.C. § 2255 or (2) to withdraw your motion with the intent of filing an all-inclusive motion under 28 U.S.C. § 2255, raising all grounds for relief, within 120 days of the date of this order. You should consult 28 U.S.C. § 2255 for more information on the availability and nature of relief under this provision.

You will be provided forty-five (45) days in which to return the attached election form to the court. If this form is not completed and filed within this period, the court will construe and rule upon your motion under 28 U.S.C. § 2255. Your election on this form, or your failure to make an election, will be binding on you.

After you have reviewed this notice and the appropriate provisions, print your name in the space provided and choose one of the options listed in the form. Then sign and date the form and file the completed form with the court within forty-five (45) days.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:08-CR-0424-06**
:
**v.** : **(Judge Conner)**
:
**WILLIAM DAVENPORT** :

## ELECTION FORM

I, _____, defendant in the above-captioned case, have read the notice of election in its entirety and make the following election:

\_\_\_  I elect to have my motion construed and ruled upon under 28 U.S.C. § 2255.

\_\_\_  I elect to withdraw my motion with the intent of filing an all-inclusive motion under 28 U.S.C. § 2255, raising all grounds for relief, within 120 days of the date of this order.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
(Signature)                                               (Date)