# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | **CRIMINAL NO. 1:08-CR-424** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **WILLIAM DAVENPORT** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 6th day of December, 2012, upon consideration of the motion (Doc. 341) for return of property, dated January 26, 2012, filed by defendant William Davenport ("Davenport"), wherein Davenport requests the return of $14,015 in United States currency seized by the government pursuant to a search warrant on September 1, 2008, and upon further consideration of the government's motion (Doc. 350) to set aside forfeiture, dated November 19, 2012, and pursuant to 18 U.S.C. § 983(e), which states in relevant part, "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if" notice was either inadequate or untimely, see 18 U.S.C. § 983(e)(1)(A-B), and the court noting that the government concedes that the notice given to Davenport with regard to the $14,015 was inadequate under 18 U.S.C. § 983(a) (Doc. 350, ¶ 11), and the court further noting that if a motion is granted under 18 U.S.C. § 983(e)(1), a "court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a

subsequent forfeiture proceeding as to the interest of the moving party[,]" 18 U.S.C. § 983(e)(2), and the court acknowledging that, generally, when inadequate notice has been provided the government must return the property, see 18 U.S.C. § 983(a)(1)(F), however, "[t]he Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess[,]" id., and the court finding that Davenport is currently incarcerated and the government alleges the currency in question was derived from drug transactions to which Davenport has pleaded guilty, and because the court finds no harm in the monies remaining in the possession of the government as the government asserts it will immediately reinitiate forfeiture proceedings against the property (Doc. 350, ¶ 16), and the court further finding that any return of the property would be merely technical, see United States v. Manjarrez, Nos. 01 C 7530, 01 C 9495, 2002 WL 31870533, at *2 n.2 (N.D. Ill. 2002) (finding it "imprudent" to return potential drug money to defendant and any other "return . . . would be a technical one, such as ordering the deposit of the money with the Clerk of the Court"), therefore, it is hereby ORDERED that:

1. The government's motion (Doc. 350) to set aside forfeiture is GRANTED without prejudice to commence future forfeiture proceedings.

2. Davenport's motion (Doc. 341) for return of property is DENIED without prejudice as set forth in paragraph 3 below.

3. The property at issue in this case shall remain with the United States Marshals Service pending the disposition of future forfeiture proceedings. If no proceedings are commenced within a reasonable amount of time, the property shall be returned upon motion by either party.

                                                      S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge