# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal Action No. 1:08-CR-424 |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **WILLIAM DAVENPORT** : | |

## MEMORANDUM

Presently before the court in the above-captioned matter is motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner William Davenport. For the reasons to be discussed, the court will deny the motion.

## I. Factual and Procedural Background

On December 10, 2008, the grand jury returned a superseding indictment charging William Davenport and five other individuals with a number of drug-related offenses. Davenport was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride, 50 grams or more of crack, and marijuana, in violation of 21 U.S.C. § 846 (Count I); distribution and possession with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1) (Count II); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (Count III); obstruction of justice, in violation of 18 U.S.C. § 1503 (Count IV); and forfeiture (Count V).

On July 1, 2009, Davenport waived indictment and pleaded guilty to a superseding felony information, which charged him with conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846. On December 23, 2009, following preparation of a

presentence report, the court sentenced Davenport to a term of imprisonment of 199 months, three years' supervised release, and payment of a fine and special assessment. The United States Court of Appeals for the Third Circuit affirmed Davenport's sentence. United States v. Davenport, 422 Fed. App'x 115 (3d Cir. 2011). On July 3, 2012, Davenport timely filed a motion under 28 U.S.C. § 2255. On August 13, 2012, the court issued an order granting Davenport leave to elect to withdraw his motion within 45 days, or have it construed and ruled upon. Following expiration of the 45 day window, the court ordered the government to respond to Davenport's motion.

## II. Discussion

Davenport argues that his trial counsel was constitutionally ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two prong test for determining when a criminal defendant has been denied the effective assistance of counsel. The petitioner must show that his attorney's performance was unreasonable under prevailing professional norms, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 687, 694. To be ineffective, Davenport's counsel must have made errors so significant that he was no longer functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687. Courts are generally required to be "highly deferential" to the reasonable strategic decisions of trial counsel, and must "guard against the temptation to engage in hindsight." Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002) (quotation marks omitted). If defense

2

counsel did commit such grievous errors, there must exist "[a] reasonable probability" that the errors were prejudicial, meaning "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Weeks v. Snyder, 219 F.3d 245 (3d Cir. 2000). Because failure to satisfy either prong defeats a claim for ineffective assistance, it is appropriate to begin an ineffective assistance analysis with the prejudice prong. United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002).

Davenport raises three assignments of error. First, he argues that his trial counsel was ineffective for failing to move to dismiss the superseding indictment on the grounds that the court did not make "ends of justice" findings when ruling on motions for trial postponement. Second, he argues that counsel was ineffective for failing to appeal the court's determination that Davenport's criminal history calculation should include a prior conviction for escape. Third, he argues that counsel should have objected to the government's pursuit of a gun enhancement in violation of the terms of his plea agreement. The court will address these issues *seriatim*.

### A. The Court's Ends-of-Justice Findings

Davenport's first argument is that counsel was ineffective for failing to move to dismiss the indictment on the grounds that the court failed to make "ends of justice" findings when ruling on two motions to continue. The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that, when a criminal defendant enters a plea of not guilty, trial must commence within 70 days of the public filing of the indictment,

3

or the defendant's appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1); see also United States v. Graves, — F.3d —, — (3d Cir. 2013). The Act allows certain delays to be excluded from the 70 day period, including those resulting from a continuance, provided that the judge has found "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The court granted two government requests for a continuance. The government filed an unopposed motion for a continuance on January 27, 2009, in which it stated that ongoing plea negotiations with each of the defendants in this case, if successful, would obviate the need for a trial, and that therefore the ends of justice would be served by granting a continuance. (Doc. 83 at 1-2). The court granted the motion that day and expressly stated that, for the reasons stated in the government's motion, the circumstances warranting a continuance outweighed the interests of the public and the defendants to a speedy trial. (Doc. 85). The government filed another unopposed motion for a continuance on March 27, 2009, stating that ongoing plea negotiations, and an upcoming hearing on pre-trial motions filed by two of Davenport's co-defendants warranted the continuance. The court again granted the motion, finding that the circumstances outweighed public and the defendants' interests in a speedy trial, and that the ends of justice would be served by granting a continuance. (Doc. 125). Plea negotiations "play a vital role" in criminal practice, and a continuance to allow negotiations to continue may serve the ends of justice in appropriate circumstances. See United States v. Fields,

4

39 F.3d 439, 445 (3d Cir. 1994). Davenport and three of his co-defendants plead guilty. (See Docs. 171, 178, 186, 205).

Davenport's argument that counsel was ineffective for failing to object that the court failed to make the appropriate ends-of-justice findings is therefore without merit, and is accordingly rejected.

### B. Davenport's Prior Escape Conviction

Davenport's second argument is that his trial was ineffective for failing to appeal the court's determination that his criminal history category should include a prior escape conviction. The Presentence Report recommended that Davenport be given three criminal history points for an October 1998 escape conviction in the Dauphin County Court of Common Pleas. Davenport appeared pro se, pleaded guilty, and was sentenced to a term of imprisonment of one to two years. (PSR ¶ 32). At sentencing on the instant offense, Davenport's attorney argued that this conviction should not be used to increase his criminal history category because his decision to waive his right to counsel and proceed pro se was not knowing and voluntary. Specifically, counsel argued that Davenport was coerced to waive his right to counsel and plead guilty because he did "not want[] to spend any time in Dauphin County prison and want[ed] to get back upstate as quickly" as possible. (Sentencing Tran., Doc. 313 at 54). The court rejected this argument and found, by reviewing the transcript of the proceedings in Dauphin County, that Davenport had knowingly and voluntarily waived his right to be represented by counsel. (Id. at 55). Davenport argues in the instant motion that his attorney should have appealed the

5

court's ruling and was constitutionally ineffective for failing to do so.

The court rejects this argument. As discussed *supra*, Davenport must show that, assuming counsel's failure to appeal the court's decision was an unprofessional error, there is "a reasonable probability that . . . the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). The transcript of the Dauphin County proceedings is included in Davenport's PSR, which the court reviewed at sentencing and again with respect to the instant motion. At the hearing, before Judge Todd A. Hoover, the prosecutor questioned Mr. Davenport as to his awareness of his right to an attorney:

> Ms. Alfieri: You're representing yourself today. You understand that you have the right to an attorney?
>
> The Defendant: Yes.
>
> Ms. Alfieri: And you understand that if you couldn't afford one, one would be appointed for you free of charge?
>
> The Defendant: Yes.
>
> Ms. Alfieri: And it's your choice today to proceed with this guilty plea on your own?
>
> The Defendant: I do have an attorney but, yeah, yeah, he just didn't enter his apearance.
>
> Ms. Alfieri: But for purposes of this guilty plea, you're representing yourself?
>
> Defendant: Yes.

(Transcript of Guilty Plea & Sentencing, Oct. 12, 1998 at 10, attached as exhibit to PSR). Davenport argues that the state court colloquy was "perfunctory," but the

6

record makes manifest that this was not the case. Davenport was informed of the charges against him and of the potential penalty. (Id. at 7-9). Davenport affirmed to the court that he was not under the influence of any drugs or alcohol at the time of the hearing, and that he understood the nature of both his right to counsel, and his right to a jury trial, and he knowingly and voluntarily waived both. The court conducted a proper colloquy to determine whether Davenport understood his rights and was acting knowingly and voluntarily. See United States v. Peppers, 302 F.3d 120, 132-33 (3d Cir. 2001). Hence, Davenport cannot show that there is a reasonable probability that, had his counsel raised this issue on appeal, the result of the proceeding would have been different. Accordingly, this argument is rejected.

  **C.**  **The Government's Pursuit of a Gun Enhancement**

Davenport's final argument is that counsel was ineffective for failing to object to the government's pursuit of a firearm enhancement, which he asserts constituted a breach of his plea agreement with the government. Paragraph 14 of Davenport's plea agreement addresses specific sentencing recommendations. It states, in pertinent part:

> With respect to the application of the United States Sentencing Commission Sentencing Guidelines to the defendant's conduct, the parties agree to recommend that the quantity of cocaine hydrochloride attributable to the defendant is 15-50 kilos, the quantity of crack cocaine attributable to the defendant is between 500 grams and 1.5 kilograms, the defendant obstructed or impeded or attempted to obstruct or impede the administration of justice with respect to the investigation or prosecution of the offense, and the defendant possessed a firearm.

(Doc. 178 at 8-9). The final clause, "and the defendant possessed a firearm," is

crossed out, and initialed "RLM" and "WD." Davenport argues that his reasonable understanding of this alteration was that the government would not seek the firearm enhancement, rather than it simply meaning that the parties did not agree that he possessed a firearm. The government responds that the alteration simply meant that the parties would be free to argue their positions at sentencing with respect to the gun enhancement.

Whether the government breached the terms of a plea agreement is a question of law. United States v. Queensborough, 227 F.3d 149, 156 (3d Cir. 2000). The Third Circuit has held that the government "must adhere strictly" to the terms of plea agreements, because defendants who enter into plea agreements forfeit important constitutional protections. United States v. Hodge, 412 F.3d 479, 485 (3d Cir. 2005) (quoting Queensborough, 227 F.3d at 156) (internal quotation marks omitted). Courts evaluate plea agreements in light of contract law principles in order to ascertain "whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." Id. (internal citation and quotation marks omitted). "Though 'reasonably understood' suggests a partially subjective inquiry, in practice the inquiry is purely objective." Id.

A reasonable person would not understand the alterations in the plea agreement to preclude the government from arguing in favor of a gun enhancement. Paragraph 14 of the agreement addresses those sentencing factors that the parties agreed upon; in effect, it indicates Davenport's concession that he possessed 15-50 kilograms of powder cocaine and 500-1500 grams of crack cocaine,

8

and that he attempted to obstruct justice. By striking out the clause addressing possession of a firearm, Davenport indicated that he was not *conceding* this fact. That is very different from the reading that Davenport suggests – that the government was waiving any right to pursue this enhancement. The plea agreement did not preclude the government from arguing in favor of a gun enhancement, and therefore Davenport suffered no prejudice from his attorney failing to object that the government breached the terms of the agreement. Accordingly, Davenport's argument on this point is rejected.

## III. Conclusion

For the reasons previously discussed, Davenport's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. An appropriate order will issue.

                                 S/ Christopher C. Conner
                                 CHRISTOPHER C. CONNER
                                 United States District Judge

Dated:        August 12, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Action No. 1:08-cr-424 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **WILLIAM DAVENPORT** | : | |

## **ORDER**

AND NOW, this 12th day of August, 2013, upon consideration of petitioner William Davenport's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Doc. 342), and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. Davenport's motion is DENIED.

2. A certificate of appealability is DENIED. See Rule 11(a), Rules Governing Section 2255 Cases.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge